FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

13 SEP 18 AM 10: 30

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. |
| ) | 1:13-cr-0194 SEB-TAB |
| BRIAN CARMICHAEL, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana; Steven D. DeBrota, Senior Litigation Counsel; Jake Schmidt, Special Assistant United States Attorney; and Thomas T. Ballantine, Senior Counsel, Environmental Crimes Section, U.S. Department of Justice; and the Defendant, BRIAN CARMICHAEL, in person and by counsel, James J. Bell and John McCauley, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

1. **Plea of Guilty:** The Defendant agrees to waive indictment by the grand jury and plead guilty to Count 1 of the Information. Count 1 of the Information charges that he conspired with others known and unknown to the United States to:

1

a. transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1343;

b. make and present claims upon and against the United States and the Internal Revenue Service ("IRS"), knowing such claims to be false, fictitious, and fraudulent, in violation of 18 U.S.C. § 287;

c. knowingly make false material statements, representations, and certifications in, and to knowingly omit material information from, notices, applications, records, reports, plans, and other documents required pursuant to the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A);

d. hamper, hinder, impede, impair, and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the Environmental Protection Agency in enforcing the Clean Air Act regulations governing renewable fuel mandates; and

e. hamper, hinder, impede, impair, and obstruct by craft, trickery, deceit, and dishonest means, the lawful function of the IRS to ascertain compute, assess, and collect revenue and penalties stemming from the federal taxes for diesel fuel by claiming and

knowingly causing the customers of a biofuel manufacturer named E-BIOFUELS to claim blender's tax credits on biodiesel that did not exist and/or was not eligible for those credits.

The Defendant understands that this conduct violated Title 18, United States Code, Section 371.

2. **Potential Maximum Penalties:** A violation of Title 18, United States Code, Section 371, as charged in Count 1 of the Information, is a felony punishable by a term of imprisonment of not more than five (5) years, a fine of not more than $250,000, a term of probation of up to five (5) years, and a term of supervised release of not more than three (3) years following any term of imprisonment.

3. **Elements of the Offense Charged:** A violation of Title 18, United States Code, Section 371, as charged in Count 1 of the Information, consists of the following elements:

   FIRST: That the conspiracy—the agreement between two or more persons to accomplish an unlawful purpose—charged in Count 1, existed;

   SECOND: That the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

   THIRD: That an overt act was committed by at least one conspirator in furtherance of the conspiracy.

## GENERAL PROVISIONS

4. **Rule 11(c)(1)(C):** The Defendant agrees and understands that should the Court accept this Plea Agreement, the Court will be bound, under

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to sentence the Defendant as set forth below. The Defendant agrees and understands that the Court will consider the factors set forth in Title 18, United States Code, Section 3553(a) in determining whether to accept this Plea Agreement. The Defendant agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining whether to accept this Plea Agreement. The Defendant agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. The Defendant agrees and understands that the final determination of whether to accept this Plea Agreement and impose the sentence agreed to herein will be made by the Court. Further, the Defendant agrees and understands that, if the Defendant were to take this case to trial and be found guilty, the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range would be decided by the Court.

5. **Plea Agreement Based on Information Presently Known:** The Defendant understands that this Plea Agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana and the Environmental Crimes Section U.S. Department of Justice.

4

**SPECIFIC PROVISIONS**

6. **60 Month Sentence of Imprisonment**: Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Defendant and the United States agree that the Court should impose a sentence of sixty (60) months of imprisonment, followed by three (3) years of supervised release.

7. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

8. **Remedy for Violation of Plea Agreement Terms:** If the Court finds that the Defendant has violated the Cooperation terms listed below, then as a remedy for such violation, the United States may present additional charges against the Defendant and that the No Further Charges paragraph, below, would no longer limit the charges that could be brought. The Defendant agrees to waive and to suspend the running of the statute of limitations under 18 U.S.C. § 3282 and related sections for any legal action the federal government might initiate, criminal or civil, arising from any conduct for which Defendant might be responsible, committed during or after the year 2009, related to transactions involving biodiesel, including, but not limited to, the crimes referred to in Paragraph 1, above. This means that, if the Court finds that the

Defendant has violated the Cooperation terms listed below, the federal government will not be barred from bringing any legal action under federal law against him. The Defendant's agreement to waive and suspend the running of the statute of limitations begins on the date that he executes this Plea agreement and ends five years from that date.

9. **Fine:** The parties reserve the right to present evidence and arguments concerning the amount of any fine. The Defendant understands that the amount and payment terms of any fine will be determined by the Court.

10. **Mandatory Restitution:** The Defendant understands that restitution to the victims of the offense charged in Count 1 of the Information is mandatory, pursuant to Title 18, United States Code, Section 3663A(c)(1)(A)(ii) & (c)(2), because crimes against property, particularly wire fraud, gave rise to this Plea Agreement. The Defendant agrees to pay full restitution to the victims of this offense. The parties reserve the right to present evidence and arguments as to the amount of restitution owed. In partial payment of this restitution, the Defendant agrees to pay $350,000 on the date of sentencing. Within seven (7) days of signing this Plea Agreement, the Defendant agrees to tender these funds to his counsel for deposit into their client trust account.

11. **Agreed Restitution:** The Defendant understands that he may owe taxes and penalties to the United States Treasury for the offense charged in Count 1 of the Information. The amount of any such taxes and penalties

will be determined by the IRS at a later time as determined by the provisions of the Internal Revenue Code. The Defendant agrees to cooperate with the IRS in filing all necessary tax forms for the periods related to the offense in the Information.

12. **Special Assessment:** The Defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $100, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal Defendants pursuant to 18 U.S.C. § 3013.

13. **Waiver of Appeal:** The Defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the government in this Plea Agreement, the Defendant agrees that upon the Court accepting this Plea Agreement under Rule 11(c)(1)(C) and sentencing him accordingly to all terms of this Plea Agreement—regardless of how the sentence is calculated by the Court—he expressly waives his right to appeal the conviction and any sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, he also expressly agrees not to contest his conviction or sentence or the manner in which it was determined in any collateral

attack, including, but not limited to, an action brought under 28 U.S.C. § 2255.  This waiver of appeal specifically includes all provisions of the sentence imposed in this case, including the terms of the supervised release and the amount and payment terms of any restitution, fine, or forfeiture.

14. **Forfeiture:** The Defendant hereby abandons all right, title and interest in all personal property and other assets seized by any authorities during the search of his residence and property, including, but not limited to, computer equipment, cameras, computer storage media, monitors, and computer files, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity.  The Defendant acknowledges that all of the property to be forfeited constituted proceeds of the offenses to which he is pleading guilty and was used or intended to be used in the criminal offense.  Therefore, the Defendant agrees that this property is subject to forfeiture.  He further agrees not to contest any forfeiture action brought against the funds to be forfeited in lieu of real property or any of the seized personal property, whether any such forfeiture action is administrative or judicial, civil or criminal, and agrees not to contest any use or destruction of any of the seized personal property by any federal, state or local law enforcement agency.

15. **Cooperation**: The Defendant agrees to cooperate with the United States Attorney for the Southern District of Indiana, and agrees that his cooperation includes, but is not limited to, providing complete, total, and truthful debriefings and interviews concerning any and all information regarding his involvement and that of others in the commission of any criminal offenses, without restriction to any charge presently pending against him. The Defendant also agrees to provide complete, total, and truthful testimony before grand juries and at trials, as considered necessary by the United States Attorney for the Southern District of Indiana, concerning any and all information provided by him during the course of his debriefings.

16. **Extent of Cooperation**: This cooperation agreement extends beyond the Southern District of Indiana to the extent any other judicial district agrees to accept the terms of this Plea Agreement. If the Defendant has not completed his cooperation at the time of sentencing, he recognizes that he has a continuing obligation to cooperate thereafter. If at any time before or after sentencing the Defendant refuses to fulfill his obligations to truthfully and completely cooperate as required by this Plea Agreement, then the Defendant recognizes that the government will consider that a breach of the Plea Agreement.

17. **Use of Cooperation Information Against Defendant**: The United States Attorney for the Southern District of Indiana agrees that the

9

complete and truthful information and testimony the Defendant provides after the signing of this Plea Agreement will not be used to bring additional criminal charges against him beyond the offense specified in the Information and described in this Plea Agreement, with the following three exceptions:

a. The government may use the Defendant's information and testimony to prove the charge listed above in Paragraph 1.

b. If the Defendant were to testify falsely at any grand jury proceeding or trial, or make a false statement to a law enforcement officer, then the government may use the Defendant's information and testimony to prosecute the Defendant for making false statements, obstruction, or perjury, whichever is appropriate.

c. The government may use the Defendant's information and testimony to prosecute the Defendant for any conduct or action constituting a crime of violence under federal or state law.

The Defendant agrees that other judicial districts may accept the terms of this Plea Agreement, become a Party to it, and require him to cooperate with those districts under the same terms as those specified in this Plea Agreement. The Defendant understands that any judicial district that decides not to become a party to this Plea Agreement will not be bound by this Plea Agreement.

18. **Use of Information at Sentencing**: The government agrees that any self-incriminating information the Defendant might provide as a result of the cooperation required by the Plea Agreement, although available to the Court, will not be used against him in determining his sentence. The Defendant understands that any information given by him as a result of the cooperation required by the terms of this Plea Agreement may be referred to by the presentence report preparer as an indication of his acceptance of responsibility and may be referred to as his version of the events leading to the charges. Pursuant to U.S.S.G. § 1B1.8, the provisions of this paragraph shall not be applied to restrict any such information: a) that was known to the undersigned government counsel before the dates of his proffer session and related Proffer Agreements (see below); b) that concerns the existence of prior convictions and sentences in determining Defendant's criminal history category and related issues; c) that is used in a prosecution for perjury, obstruction, or giving a false statement; or d) that is used in the event there is a breach of the cooperation provisions of this Plea Agreement.

19. **Proffer Agreements**: Nothing in this Plea Agreement supersedes or removes any provision or protection contained in the Defendant's Proffer Agreement, including the government's ability to use the information derived directly or indirectly from the proffer session meeting in the event of a breach or a rejection of the Plea Agreement.

11

20. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of his sentence on the date of sentencing, then he agrees that he has a continuing obligation to pay the financial component of his sentence. He further agrees that as of the date of filing this Plea Agreement, he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and/or restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to him for use in the collection of any fines and restitution imposed by the Court.

21. **No Further Charges:** The United States Attorney for the Southern District of Indiana agrees not to bring any further charges against the Defendant for his presently known involvement in the fraud and tax offenses arising from his prior association with E-BIOFUELS, <u>provided that</u> the Court accepts this Plea Agreement and sentences the Defendant as described above. This provision does not restrict the right of the United States Attorney to bring any other charges against the Defendant for any undisclosed or unknown criminal offenses or any crime of violence, if the Defendant has committed any such offenses prior to this Plea Agreement or commits such offenses in the future. Finally, if the Court rejects this Plea Agreement, or imposes a different sentence, then

the United States Attorney will not be bound by this Plea Agreement in any way and may seek to bring any additional charges.

22. **Delayed Sentencing Request:** The parties intend to request the Court to continue the sentencing in this matter until after the trial of any codefendants and any related cases. This will allow the Court to fully consider whether the Defendant's cooperation to that point was truthful and complete before imposing sentence. The Defendant waives any potential challenges to his prosecution arising from this delay and he recognizes that the delay will not prejudice his ability to answer the charges in this case or present any sentencing arguments.

23. **Good Behavior Requirement:** The government reserves the right to withdraw from this Plea Agreement if the Defendant commits a new criminal offense before the date of sentencing.

24. **No Protection from Prosecution for Unknown or Subsequent Offense:** The Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this Plea Agreement, or not known to the office of United States Attorney for the Southern District of Indiana or the Environmental Crimes Section of the U.S.Department of Justice at this time.

**SENTENCING GUIDELINES STIPULATIONS**

25. Pursuant to U.S.S.G. § 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties, but are only a recommendation to the Court and that the Court will determine the sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

26. <u>Conspiracy</u>

   A. The base offense level for this offense is six (6). U.S.S.G. § 2B1.1(a).

   B. The parties agree that the amount of loss for sentencing purposes is over $50,000,000 and that twenty-four (24) levels should be added under U.S.S.G. § 2B1.1(b)(1)(M).

   C. The parties agree that the offense involved more than 25 victims and that two (2) levels should be added under U.S.S.G. § 2B1.1(b)(2)(B).

   D. The parties agree that the offense substantially endangered the solvency or financial security of an organization that was a publicly traded company and that four (4) levels should be added under U.S.S.G. § 2B1.1(b)(5)(B) & (C).

27. **Acceptance of Responsibility and Cooperation:** The government recognizes that the Defendant has agreed to admit his involvement in the

criminal offense. Because he timely agreed to plead guilty, the government hereby notifies the Court that it has not had to prepare his case for trial. If this Court finds that the Defendant has continued to demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal conduct through the remaining phases of this case, including meetings with the United States Probation Office, the change of plea hearing, and the sentencing hearing, then the government agrees that he is entitled to a three (3) level reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

28. **Final Agreement**: The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty. This document is the complete and only plea agreement between the Defendant and the United States Attorney for the Southern District of Indiana. It is binding only on the parties to this agreement, supersedes all prior understandings other than those exempted by this Plea Agreement, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
UNITED STATES ATTORNEY

9/16/2013
Date

_____
Steven D. DeBrota
Senior Litigation Counsel

9/16/2013
Date

_____
Jake Schmidt
Special Assistant U.S. Attorney

ROBERT G. DREHER
ACTING ASST. ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION,
U.S. DEPARTMENT OF JUSTICE

9/16/13
Date

_____
Thomas Ballantine
Senior Counsel
U.S. Department of Justice

6/19/13
Date

_____
BRIAN CARMICHAEL
Defendant

6/19/13
Date

_____
James Bell
Attorney for Defendant

6/19/13
Date

_____
John McCauley
Attorney for Defendant

16

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case and not as the result of force, threats, or promises (other than the promises in this Plea Agreement).

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate, or

probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two (2) level increase in the offense level.

Finally, I acknowledge that a guilty plea may have consequences beyond the sentence handed down by the court and that my attorney may not be able to predict all of those consequences. For instance, for all but native citizens of the United States, most felonies have a direct, adverse consequence on a person's immigration status, which usually leads to deportation. I have discussed such issues with my attorney, am satisfied with the advice I have received, and waive any right to appeal or otherwise attack my conviction based ineffective assistance of counsel because of collateral consequences of the guilty plea.

6/19/13
Date

BRIAN CARMICHAEL
Defendant